# O. A. ALLEN AND OTHERS v. JOHN TORBERT.[1]

## May 17, 1918.

## No. 20,798.

**Broker — action for compensation — question for jury.**

1. Whether plaintiffs had earned their commission in a real estate transaction under the evidence in this case was a question for the jury.

**Same — parol evidence inadmissible to explain contract.**

2. Parol testimony to explain the terms of a commission contract was not admissible.

Action in the district court for Renville county to recover $2,000 commission on exchange of real estate. The answer alleged nonperformance of the exchange contract by E. A. Battershell. The case was tried before Daly, J., who at the close of the testimony denied plaintiffs' motion for a directed verdict, and a jury which returned a verdict in favor of defendant. Plaintiffs' motion for judgment notwithstanding the verdict was denied and their motion for a new trial was granted. From the order denying their motion for judgment notwithstanding the verdict,

[1] Reported in 167 N. W. 1033.

plaintiffs appealel. Appeal dismissed. From the order granting a new trial, defendant appealed. Affirmed.

L. D. Barnard, for plaintiffs.

George F. Gage, for defendant.

QUINN, J.

This is an action to recover a commission for the exchange of real estate. A verdict was returned in favor of the defendant. Plaintiffs made an alternative motion for judgment or for a new trial. The motion for judgment was denied and a new trial granted. From the order denying its motion for judgment, the plaintiffs appealed, and from the order granting a new trial defendant appealed.

In October, 1915, the defendant was the owner of a farm of 400 acres in Renville county, this state, and E. A. Battershell was the owner of a business block in the city of Pocahontas, in the state of Iowa. At that time the defendant entered into an agreement with the plaintiffs whereby he agreed to pay them a commission of $2,000, if they would secure to him a contract with Battershell for the exchange of their properties, upon certain stated terms. Plaintiffs accepted the employment and thereafter went to Iowa in company with the defendant for the purpose of effecting a deal. Thereafter Battershell came to Minnesota, looked over defendant's farm and on October 23 entered into a written contract with the defendant for an exchange of properties. Each party was to furnish an abstract showing a marketable title to the property to be conveyed not later than January 1, 1916, at which time the conveyances were to be executed, payments made and possession given.

On October 25 the plaintiffs' contract for commission was reduced to writing and signed by the defendant. This contract provided, among other things, that in consideration of the plaintiffs having sold the defendant's farm for the sum of $33,600, as per contract for deed dated October 23, 1915, the defendant would pay the plaintiffs the sum of $2,000 on January 1, 1916, "provided all things are as represented." On December 10 defendant wrote Battershell that his wife refused to sign a deed conveying the farm, and that he could not comply with the terms of the contract of October 23. On December 29 his attorney wrote to Battershell that the defendant would not comply with the contract in

any respect. On December 16 Battershell furnished defendant with an abstract showing title to the Iowa property in himself and his brother. On January 1, 1916, he tendered a warranty deed, in the usual form, duly executed by himself and his brother and wife, to the Iowa property, together with a payment of $2,000 in accordance with the contract. This tender was refused by the defendant.

It is the contention of the defendant, and his defense to the payment of the commission is, that at the time of the execution of the contract of October 25 it was verbally agreed and understood between himself and the plaintiffs that he would not be required to pay this commission until he was furnished with an abstract showing a marketable title to the Iowa property in E. A. Battershell, and that the abstract furnished failed to show such title. At the trial the court permitted defendant to offer proof as to whether such verbal understanding was had between the parties, and submitted that question to the jury. The reception of that testimony was error for which the court properly granted a new trial.

The commission contract which defendant signed recited that he was satisfied with the terms of the contract for a deed entered into with Battershell on October 23, and that he would pay plaintiffs the $2,000 cash payment which Battershell was to make on January 1, 1916. Prior to receiving the abstract to the Iowa property, he had written Battershell repudiating the contract for the exchange of properties upon the ground that his wife refused to sign a deed conveying the farm. Thereafter he received the abstract, delivered it to his attorney, who examined the same and wrote Battershell that the defendant would not comply with the contract in any respect. During the negotiations there had been considerable talk between the defendant and the plaintiffs as to whether the plaintiffs were to receive an additional commission from Mr. Battershell, and the plaintiffs offered testimony that at the time of the execution of the commission contract the defendant stated that he put in the clause above quoted to protect himself in case it should appear that such was the fact. However this may be, we are of the opinion that under the evidence the question whether the plaintiffs had earned the commission was for the jury.

The order denying plaintiffs' motion for judgment notwithstanding

the verdict is not an appealable order and the appeal therefrom is dismissed. Snure v. Schlitz Brewing Co. 139 Minn. 516, 166 N. W. 1068.
The order granting a new trial is affirmed.